FILED
CLERK

1/25/2016 5:02 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RASHIKA N. HETTIARACHI,

       Plaintiff,

   v.

COUNTY OF SUFFOLK at al.,

       Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
14–CV–6731 (JMA) (ARL)

**AZRACK, United States District Judge:**

  On November 17, 2014, plaintiff Rashika Hettiarachi filed this action against defendants County of Suffolk, Suffolk County District Attorney's Office, Thomas J Spota, Emily Constant, Edward G. Heilig, Edward Jablonski, Maureen McCormack, Kerriann Kelly, Nancy Clifford, and James Chalifoux alleging discrimination in violation of Title VII, the ADA, New York State Human Rights Law, and Sections 1981 and 1983. Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, defendant's motion to dismiss is granted in part and denied in part.

  **1. Pertinent Background Facts**

  Plaintiff alleges that defendants failed to promote her while employed as an assistant district attorney and fired her because of her race, color, national origin, gender or disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C § 12101 ("the ADA"), New York State Human Rights Law ("NYHRL"), 42 U.S.C § 1981 ("Section 1981"), and 42 U.S.C § 1983 ("Section 1983"). Plaintiff also claims that she was subject to a hostile work environment based on sexual, racist and xenophobic comments made or endorsed by colleagues—including plaintiff's supervisors—at the Suffolk County District Attorney's office. (Compl. ¶¶ 41, 45, ECF No. 1.)

1

Plaintiff's failure to promote claims arise from defendants' delay in promoting plaintiff from: (1) the District Court Bureau and (2) the Case Advisory Bureau. In October 2010, Plaintiff was promoted from the District Court Bureau to the Case Advisory Bureau. (Compl. ¶ 35.) Then, on October 22, 2012, plaintiff was promoted from the Case Advisory Bureau to the Economic Crime Bureau. (Compl. ¶ 46.) Defendants fired plaintiff on July 16, 2013. (Compl. ¶ 67.) On September 19, 2013, plaintiff filed an administrative complaint with the New York State Division of Human Rights (the "Administrative Complaint"). (Compl. ¶ 7.) On November 17, 2014, plaintiff filed the instant action.

**2. Standard of Review**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." Iqbal, 556 U.S. at 678. In determining the plausibility of a complaint, the court may consider documents that are "integral" to a complaint as long as: (1) the record is clear that "no dispute exists regarding the authenticity or accuracy of the document"; and (2) it is "clear that there exist no material disputed issues of fact regarding the relevance of the document." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

2

### 3. Timeliness of Plaintiff's Claims

Defendants argue that both of plaintiff's failure to promote claims are untimely under Title VII. Defendants also contend that plaintiff's Section 1981 and 1983 claims for failure to promote from the District Court Bureau are untimely. Plaintiff argues that her failure to promote claims are timely under the continuing violation doctrine.

### A. Timeliness of Plaintiff's Failure to Promote Claims under Title VII

Each of plaintiff's Title VII claims are subject to a 300 day statute of limitations. 42 U.S.C § 2000e-5(e)(1). Discrete actions, such as a failure to promote, trigger Title VII's 300 day clock. Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).

Here, plaintiff was promoted from the District Court Bureau to the Case Advisory Bureau in October 2010. And in October 2012, plaintiff was promoted from the Case Advisory Bureau to the Economic Crimes Bureau. Plaintiff did not file an administrative complaint with the New York State Division of Human Rights until September 19, 2013—over three hundred days after plaintiff received promotions from the District Court Bureau or the Case Advisory Bureau. (Compl. ¶ 7; Admin. Compl., Declaration of Mary Ellen Donnelly ("Donnelly Decl."), Ex. B, ECF No. 25.) Given that plaintiff's failure to promote claims necessarily accrued prior to the dates on which she subsequently received the allegedly delayed promotions, those claims are untimely.

Contrary to plaintiff's contention, the continuing violation doctrine is not applicable here. The fact that defendants refused to timely promote plaintiff on more than one occasion does not render all of plaintiff's failure to promote claims timely. In Morgan the Supreme Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan, 536 U.S. at 113.

3

Furthermore, to the extent plaintiff contends that an office-wide, systemic policy of discrimination renders her claims timely, plaintiff's contention cannot be squared with the Second Circuit's decision in Chin v. Port Authority of New York and New Jersey, 685 F.3d 135 (2d Cir. 2012). In Chin, the Second Circuit found that "Morgan's reasoning . . . demonstrates that a plaintiff may recover for a failure to promote—regardless whether it was caused by an ongoing discriminatory policy—only if he files an EEOC charge within 180 or 300 days of that decision." 685 F.3d at 156–157. Because plaintiff did not timely raise her failure to promote claims under Title VII, those claims are dismissed with prejudice.

**B. Timeliness of Plaintiff's Section 1981 and 1983 Claims Regarding Her Promotion from the District Court Bureau**

The Court next addresses plaintiff's claims under Section 1981 and Section 1983 regarding defendants' delay in promoting plaintiff from the District Court Bureau. Section 1983 claims are subject to a three year statute of limitations and Section 1981 claims are subject to either a three or four year statute of limitations, depending on the nature of the claim. See Patterson v. Cnty. Of Oneida, 375 F.3d 206, 225 (2d Cir. 2004).

Because plaintiff was promoted from the District Court Bureau in October 2010, the latest she could have asserted a Section 1983 claim relating to failure to promote from the District Court Bureau was October 2013. Even assuming a four year statute of limitations applies, the latest she could have asserted a Section 1981 claim relating to failure to promote from the District Court Bureau was October 2014. However, the instant action was not filed until November 17, 2014. Therefore, plaintiff's claims under Sections 1981 and 1983 arising from defendants' delay in promoting plaintiff out of the District Court Bureau are untimely. Those claims are dismissed with prejudice.

### 4. Discrimination Claims

Defendants argue that plaintiff has not alleged sufficient facts to support a discrimination claim. The standard applicable to discrimination claims at the pleading stage was outlined by the Second Circuit in Vega v. Hempstead Union Free School District, 801 F.3d 72 (2d Cir. 2015). Under Vega, a plaintiff alleging discrimination need only allege sufficient facts to plausibly suggest that: (1) the employer took adverse action against the employee, and (2) the employee's race, color, religion, sex, or national origin was a motivating factor in the employment decision. 801 F.3d at 85.

Here, plaintiff has indisputably alleged an adverse action: she was fired. The question is whether plaintiff has alleged sufficient facts to plausibly suggest that one of her protected characteristics was a motivating factor in defendants' decision to fire her. The Court believes that she has. Among other things, plaintiff has alleged that: four women in the District Court Bureau who were pregnant between 2005 and 2010 experienced delays in promotions (Compl. ¶ 28); defendants promoted or transferred white ADAs or non-parent ADAs with less experience before plaintiff (Compl. ¶ 29); white and non-mother ADAs with less experience were promoted to felony bureaus before plaintiff (Compl. ¶ 37); and plaintiff's supervisors made disparaging remarks about certain of plaintiff's protected classes (Compl. ¶ 45).

Defendants argue that plaintiff's allegations regarding differential treatment are either conclusory or lack sufficient detail about the background of plaintiff's alleged comparators. The Court disagrees. At this stage, plaintiff's allegations plausibly suggest that plaintiff's termination was discriminatory. See Boykin v. KeyCorp, 521 F.3d 202, 215 (2d Cir. 2008).

### 5. Hostile Work Environment Claims Under Sections 1981 and 1983

Defendants argue that plaintiff has not alleged sufficient facts to support a claim of hostile work environment. The Court agrees.

To state a claim for a hostile work environment, a plaintiff must plead facts that would tend to show conduct: (1) that is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) that creates an environment that the plaintiff subjectively perceives as hostile or abuse; and (3) that creates such an environment because of the plaintiff's protected class. Redd v. New York Div. of Parole, 678 F.3d 166, 175 (2d Cir. 2012). Additionally, plaintiff's section 1983 claims require plaintiff to allege sufficient facts showing the discrimination was intentional. Id.

Here, plaintiff has not alleged sufficient facts that verbal and physical conduct of a sexual and racial nature was sufficiently severe and pervasive to render the work environment hostile. The complaint alleges that plaintiff was subjected to ongoing and inappropriate comments regarding race, nationality, and sex (Compl. ¶ 41), that plaintiff's supervisors made disparaging comments regarding immigrants, Hispanics, and Africa Americans (Compl. ¶ 45), and that co-workers drew sexually suggestive pictures and made sexually suggestive gestures (Compl. ¶ 42).

These conclusory allegations are insufficient to allege a plausible claim. "Incidents that are few in number and that occur over a short period of time may fail to demonstrate a hostile work environment." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2d Cir. 2000) (internal quotation marks omitted); see also Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir.1997) ("Instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments."). The same applies to comments of a sexual nature. In other words, offhand comments and isolated incidents—unless extremely serious—will not amount to a discriminatory

hostile work environment. Plaintiff has not pled with specificity any conduct that rises to the level being objectively severe and pervasive to create a hostile work environment. Plaintiff's hostile work environment claims are dismissed without prejudice. Plaintiff may move for leave to amend her complaint, so long as the proposed amended complaint would not be futile.

However, even if plaintiff did properly allege a hostile work environment claim, which she did not, plaintiff failed to exhaust any claim for hostile work environment under Title VII because a hostile work environment claim is not mentioned in her Administrative Complaint and is not reasonably related to the discrete instances of disparate treatment alleged in her Cdministrative Complaint. (See Admin. Compl., Donnelly Decl., Ex. B.)

Assuming plaintiff pursues a hostile work environment claim under Title VII, the Court agrees with defendants that such a claim must be dismissed because plaintiff did not directly or indirectly raise a hostile work environment claim in her Administrative Complaint. Plaintiff nonetheless claims that her hostile work environment claims were reasonably related to the allegations in her Administrative Complaint and that, as a result, the Court should consider her hostile work environment claims to be exhausted. A claim is reasonably related if "the conduct complained of would fall within the scope of [an administrative] investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359–60, (2d Cir. 2001).

Plaintiff's hostile work environment claims are not reasonably related to the allegations in her Administrative Complaint. At best, plaintiff's Administrative Complaint alleges disparate treatment based on sex, race and disability. District courts in the Second Circuit have rejected hostile work environment claims as unexhausted where the allegations in the administrative complaint only allege disparate treatment. See Dasrath v. Stony Brook University Medical Center,

7

965 F. Supp. 2d 261, 270 (E.D.N.Y. 2013).  Furthermore, plaintiff did not check off the sexual harassment box on her Administrative Complaint and plaintiff did not allege in her Administrative Complaint she was repeatedly subjected to the sorts of insults, ridicule or intimidation that characterize hostile work environment claims.  For these reasons, any hostile work environment claims plaintiff has asserted under Title VII are dismissed with prejudice.

### 6.  Title VII Claims Against County of Suffolk

Defendants argue that plaintiff cannot maintain Title VII claims against the County of Suffolk because plaintiff failed to exhaust her administrative remedies when she did not name the County in her Administrative Complaint.  As a general rule, a plaintiff may only bring a Title VII claim against a party named in the EEOC complaint.  Here, it is undisputed that plaintiff's Administrative Complaint did not name the County of Suffolk as a party.  (See Admin. Compl., Donnelly Decl., Ex. B.)

Plaintiff tries to invoke the "identity of interest" exception to the general rule that a party must be named in the EEOC complaint.  Under the "identity of interest" exception, Title VII actions can proceed against a party not named in the EEOC complaint when there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.  However, plaintiff cannot this exception because it only applies where plaintiff was not represented by counsel.  See Sharkey v. Lasmo, 906 F. Supp. 949, 954 (S.D.N.Y. 1995).  Here, plaintiff was represented by counsel at the administrative proceeding and plaintiff is a practicing lawyer.  Therefore the Title VII claims are dismissed with prejudice as to the County of Suffolk.

### 7.  Claims Against the Individual Defendants

Defendants argue that the remaining claims against the individual defendants in their personal capacity should be dismissed because plaintiff filed to sufficiently allege the individual

8

defendants' personal involvement to demonstrate that they acted under color of state law. To establish individual liability under Section 1983, a plaintiff must show (1) that the defendant is a person acting under the color of state law, and (2) that the defendant caused the plaintiff to be deprived of a federal right. Additionally, in this Circuit, plaintiff must allege personal involvement of a defendant in alleged constitutional deprivations. See Costello v. City of Burlington, 632 F.3d 41, 48–49 (2d Cir.2011).

"[A] person acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk County v. Dodson, 454 U.S. 312, 317–18 (1981). State employment is generally sufficient to render the defendant a state actor. Id. at 328. Personal involvement may be established by evidence of a defendant's direct participation in the alleged constitutional deprivation or by evidence of a supervisor's role in the creation of a policy or custom fostering the unlawful conduct. Firestone v. Berrios, 42 F.Supp.3d 403, 415 (E.D.N.Y. 2013).

The complaint alleges that each of the individual defendants, Constant, Heilig, McCormack, Kelly, Jablonski, Clifford, and Chalifoux, acted in a supervisory capacity over plaintiff at some point during the relevant time period. (Compl. ¶¶ 14–20.) The complaint also alleges, among other things, that: defendants promoted or transferred white ADAs or non-parent ADAs with less experience sooner than plaintiff (Compl. ¶ 29); plaintiff was required to provide written proof to defendants of her eligibility to return to work when others not in her protected class were not (Compl. ¶ 61); plaintiff was "subjected to continual and ongoing inappropriate conversations and commentary . . . regarding race, nationality, and sex, throughout the course of her time in the Case Advisory Bureau" (Compl. ¶ 41); and plaintiff was terminated within approximately two months from the time she met with defendants disclosing the nature of her

illness (Compl. ¶ 67).

While the Court has reservations about plaintiff's claims against the individual defendants, the Court disagrees with defendants' generalized argument that plaintiff has failed to allege sufficient personal involvement to demonstrate that defendants were acting under color of state law. Although very thin, plaintiff's complaint contains sufficient allegations that the individual defendants engaged directly in the discriminatory conduct. At this stage, plaintiff's allegations plausibly suggest that plaintiff's discrimination claims against the individual defendants.

### 8. Conclusion

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. Plaintiff's Title VII failure to promote claims are dismissed with prejudice. Plaintiff's Section 1981 and Section 1983 claims arising from failure to promote plaintiff out of the District Court Bureau are dismissed with prejudice. Plaintiff's Title VII claims against the County of Suffolk are dismissed with prejudice. Plaintiff's Title VII hostile work environment claims are dismissed with prejudice and the remaining hostile work environment claims are dismissed without prejudice. The motion to dismiss is denied as to the remaining discrimination claims and the parties are directed to proceed with discovery as to those claims.

**SO ORDERED.**

Dated: January 25, 2016
Central Islip, New York

                                                              /s/     JMA
                                                             JOAN M. AZRACK
                                                             UNITED STATES DISTRICT JUDGE