```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RASHIKA N. HETTIARACHCHI,                      :
                                               :
                       Plaintiff,              :
                                               :
       -against-                               :    MEMORANDUM AND ORDER
                                               :      14-cv-6731(DLI)(SJB)
COUNTY OF SUFFOLK, SUFFOLK COUNTY               :
DISTRICT ATTORNEY'S OFFICE, DISTRICT            :
ATTORNEY THOMAS J. SPOTA, in his individual     :
capacity, CHIEF ASSISTANT DISTRICT              :
ATTORNEY EMILY CONSTANT, in her                 :
individual capacity, DIVISION CHIEF EDWARD      :
G. HEILIG, in his individual capacity,          :
                                               :
                       Defendants.              :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On November 17, 2014, Rashika N. Hettiarachchi ("Plaintiff"), a former Assistant District Attorney ("ADA") for the Suffolk County District Attorney's Office ("DA's Office"), filed this employment discrimination action against Suffolk County, the DA's Office, former District Attorney ("DA") Thomas J. Spota ("Spota"), former Chief ADA Emily Constant ("Constant"), former Division Chief Edward G. Heilig ("Heilig"), and five Bureau Chiefs who supervised Plaintiff (collectively, "Defendants"). *See*, Compl., Dkt. Entry No. 1. The Court assumes familiarity with the factual background and procedural history in this matter and summarizes only those facts relevant to the instant motions.

Following the Court's rulings on Defendants' motion to dismiss the complaint and motion for summary judgment, and Plaintiff's withdrawal of several claims, the claims that remain to be tried are: (1) the race and national origin discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended ("Title VII") against the DA's Office; and (2) the race and national origin discrimination claims brought pursuant to 42 U.S.C. § 1983

("Section 1983") against Suffolk County and Spota, Constant, and Heilig in their personal capacities.[1]  *See*, Ltr., Dkt. Entry No. 21; Motion to Dismiss Mem. and Order ("MTD M&O"), Dkt. Entry No. 29; Summary Judgment Opinion and Order ("SJ O&O"), Dkt. Entry No. 103.

On February 5, 2021, in anticipation of trial, the parties filed their First Proposed Joint Pretrial Order ("First Proposed JPTO").  *See,* First Proposed JPTO, Dkt. Entry No. 113.  On January 12, 2022, the Court held a pretrial conference ("PTC") at which rulings concerning the First Proposed JPTO were made.  *See*, Jan. PTC Transcript ("Jan. Tr."), Dkt. Entry No. 130.  Subsequently, Defendants filed a premotion conference ("PMC") request for anticipated motions *in limine* ("MILs") and the parties filed an Amended Proposed JPTO ("Amended Proposed JPTO").  *See,* Defs.' PMC Req., Dkt. Entry No. 124; *See also*, Pl.'s PMC Resp., Dkt. Entry No. 126; Am. Proposed JPTO, Dkt. Entry No. 128.  On October 12, 2022, the Court held a second PTC ("Oct. PTC") to address the Amended Proposed JPTO and anticipated MILs, during which it ruled on the record as to some of the MILs and directed briefing on others.  *See*, Oct. PTC Transcript ("Oct. Tr."), Dkt. Entry No. 138.  Pending before the Court are Defendants' motions *in limine*.  *See*, Defs.' Br., Dkt. Entry No. 133; Pl.'s Opp., Dkt. Entry No. 135; Defs.' Reply, Dkt. Entry No. 137.  For the reasons set forth below, the MILs are granted in part and denied in part.

## **LEGAL STANDARD**

"'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'"  *Williams v. City of New York*, 2023 WL 2911023, at *1 (S.D.N.Y. Apr. 12, 2023) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  "The decision whether to grant an *in limine* motion resides in a

---

[1] Unless otherwise noted, all references to "Defendants" made throughout the remainder of this Memorandum and Order refer to the remaining Defendants only.

district court's inherent and discretionary authority to manage the course of its trials." *Id.* (internal citations omitted). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Dunham v. Lobello,* 2023 WL 3004623, at *1 (S.D.N.Y. Apr. 19, 2023) (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp.2d 529, 536 (E.D.N.Y. 2011)). Additionally, "[a] trial court's ruling on a motion *in limine* is subject to change when the case unfolds." *Id.* (internal citations omitted). "'Indeed[,] even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

The Federal Rules of Evidence ("FRE") provide that "relevant evidence is generally admissible at trial." *Id.* (citing FRE 402). Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence." FRE 401. Under Rule 403, "[a] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. District courts have "'Broad discretion to balance probative value against possible prejudice' under Rule 403." *Olutosin v. Gunsett*, 2019 WL 5616889, at *1 (S.D.N.Y. Oct. 31, 2019) (quoting *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008)).

## DISCUSSION

Defendants seek to preclude Plaintiff from: "(1) offering testimony about [ ] Spota's criminal indictment, trial, conviction, and/or sentencing; (2) referring to [ ] Spota as a felon, prisoner or disbarred attorney; (3) introducing evidence or making reference to other legal actions brought against Defendants; and (4) offering expert testimony." Defs.' Br. at 1.

**I.    Spota's Indictment, Trial, Conviction, Sentence, Imprisonment, and Disbarment**

Defendants seek to preclude Plaintiff from introducing at trial any evidence of Spota's

3

indictment, trial, conviction, prison sentence or disbarment stemming from his improper involvement in a former Suffolk County police chief's investigation. Defs.' Br. at 3-4. Specifically, in 2019, Spota was convicted after a jury trial in this district of: (1) conspiracy to engage in witness tampering and obstruct an official proceeding under 18 U.S.C. § 1512(k); (2) witness tampering and obstruction of an official proceeding under 18 U.S.C. §§ 1512(b), (c); (3) obstruction of justice under 18 U.S.C. §§ 1503(a), (b)(3); and (4) accessory after the fact to the Suffolk County Police Chief's deprivation of civil rights pursuant 18 U.S.C. § 3.[2] *See*, Pl.'s Opp. at 2 (citing *Thompson v. Spota*, 2022 WL 17253464, at *6 (E.D.N.Y. Nov. 28, 2022) (citing, in turn, *United States v. McPartland et. al.*, 2017 WL 4838319 (E.D.N.Y. Oct. 25, 2017))); Defs.' Br. at 4. Defendants seek to preclude Plaintiff from using this evidence in her case in chief or for impeachment purposes alleging it is irrelevant and unfairly prejudicial under Rules 401, 403, and 609. Defs.' Br. at 4-5. Plaintiff counters that the convictions are relevant in challenging Spota's credibility under Rule 609 because they "involve dishonesty and/or false statements." Pl.'s Opp. at 1-2.

These convictions that concern Spota's improper involvement in the investigation of a police chief's mistreatment of an arrested individual, are irrelevant to Plaintiff's claims here, which concern alleged employment discrimination. Thus, as the parties do not seem to dispute, evidence of these convictions is inadmissible in Plaintiff's case in chief under Rule 401. *See,* Defs.' Br. at 4-5; *Thompson*, 2022 WL 17253464, at *6 (finding same). However, such evidence is admissible for impeachment under Rule 609. *See,* Pl.'s Opp. at 2-4.

"Rule 609 governs the use of prior convictions for purposes of impeachment." *Dunham*, 2023 WL 3004623, at *2. Under Rule 609(a)(1), a conviction is admissible for impeaching a

---

[2] On August 25, 2023, the United States Court of Appeals for the Second Circuit upheld Spota's convictions. *See, United States v. McPartland et. al.*, 2023 WL 5491573, at *1-15 (2d. Cir. Aug. 25, 2023).

4

defendant in a civil action if it is for a crime punishable by more than one year of imprisonment and survives Rule 403's balancing test. *See,* FRE 609(a)(1)(A). Under Rule 609(a)(2), a conviction for a crime involving "a dishonest act or false statement" is admissible for impeachment purposes, regardless of the punishment, because such crimes are "*per se* probative of credibility." *See,* FRE 609(a)(2); *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005).

Here, Spota's convictions are admissible under Rule 609(a)(2). As Plaintiff notes, the Honorable Nicholas G. Garaufis, United States District Judge of this Court, recently admitted these same convictions against Spota under Rule 609(a)(2) in *Thompson v. Spota*, an employment discrimination case filed by another female ADA of color, AveMaria Thompson who was terminated from the Suffolk County DA's Office several weeks before Plaintiff. *See,* Pl.'s Opp. at 3 (citing *Thompson*, 2022 WL 17253464, at *5-7). In *Thompson*, Judge Garaufis carefully examined the language of Spota's indictment and the statutes charged and found the crimes admissible under Rule 609(a)(2) because they "involve acts of dishonesty that a jury may find useful in weighing Spota's credibility." *Thompson*, 2022 WL 17253464, at *6-7 (finding the crimes "involve corruptly persuading another to lie to or withhold information from the authorities" and "intentionally preventing the apprehension and punishment of someone known to have committed a crime"). This Court finds Judge Garaufis' analysis persuasive and adopts his well reasoned conclusion that Spota's convictions are admissible under Rule 609(a)(2) as "*per se*" probative of credibility. *Id.* at *7. Plaintiff also "[may] reference Spota's June 2020 disbarment as a consequence of his conviction." *Id.* at *7, n2. However, as in *Thompson*, Plaintiff is "limited to inquiring only about the nature of the convictions, the date of their disposition, and the sentences imposed" in order to "minimize this risk of prejudice to Spota." *Id.* at *7.

Defendants' arguments to the contrary are unavailing. *See,* Defs.' Br. at 4-5; Defs.' Reply at 2. As Judge Garaufis astutely explained in responding to many of the same arguments in

5

*Thompson* that Defendants raise here, the arguments "confuse[ ] admission of [the] charges for [use in plaintiff's] case-in-chief with admission for impeachment purposes." *See, Thompson*, 2022 WL 17253464, at *6. They also ignore the fact that "crimes that qualify under Rule 609(a)(2) are *per se* admissible and not subject to…Rule 403." *Id.* (citing *Estrada*, 430 F.3d at 615). Accordingly, as set forth above, Defendants' motion to preclude cross-examination of Spota as to his indictment, conviction, sentence and disbarment is denied only to the extent that Plaintiff may use this information for impeachment only and not in her case-in-chief.

## II.  Reference to Spota as a Felon, Prisoner, or Disbarred Attorney

As an extension of their first MIL, Defendants seek to preclude Plaintiff from referring to Spota during trial "as a felon, prisoner, or a disbarred attorney," arguing that such references are "unfairly prejudicial" and "not probative" of Plaintiff's claims pursuant to Rules 401, 402, and 403. Defs.' Br. at 6. Plaintiff seeks to refer to Spota by these terms only "while impeaching his credibility," noting that *Thompson* allowed such references when impeaching Spota as discussed above. Pl.'s Opp. at 5 (citing *Thompson*, 2022 WL 17253464, at *7).

In accordance with *Thompson*, Plaintiff may use these terms to refer to Spota only "when impeaching him through disclosure of the crimes discussed [above]" but must "cabin use of these terms…to discussions of Spota's credibility as a witness" and be mindful "not to overuse" them in order to "limit the prejudice to Spota, if any, from [the] use of the[se] terms." *See, Thompson*, 2022 WL 17253464, at *7. To that end, the Court retains authority to strike references of this nature at trial as appropriate. *Id.* Accordingly, Defendants' motion to preclude Plaintiff from referring to Spota as a felon, prisoner or disbarred attorney is denied subject to Plaintiff's the restrictions set forth above.

6

**III.     Preclusion of Evidence of Other Legal Actions Brought Against Defendants**

Defendants also move to preclude Plaintiff from introducing evidence and testimony of "other lawsuits, administrative or agency charges, investigations, or causes of action Brought against Defendants by former employees of the DA's Office" under Rule 403 asserting that such evidence could "confus[e] the jury and unfairly prejudic[e] Defendants." *See,* Defs.' Br. at 6-7. Plaintiff argues that this evidence is necessary to prove her allegations against Suffolk County of a pattern, practice or custom of discrimination. *See,* Pl.'s Opp. at 6-7. The only lawsuit identified by the parties is the discrimination action brought by former ADA AveMaria Thompson. *See,* Defs.' Br. at 6; Pl.'s Opp. at 7.

Courts in this circuit generally preclude evidence of other lawsuits, both related and unrelated to the case before the court, "due to concerns of confusing the jury and unfairly prejudicing defendants." *See, Thompson*, 2022 WL 17253464, at *9 (collecting cases); *Puglisi v. Town of Hempstead Sanitary Dist. Co. 2*, 2014 WL 12843521, at *2 (E.D.N.Y. Jan. 27, 2014). "This is particularly true where such evidence consists of pleadings (*i.e.*, mere allegations) filed in the other lawsuits." *Puglisi*, 2014 WL 12843521, at *2. However, "a narrow exception to this rule [exists] for plaintiffs asserting a claim of hostile work environment, a pattern of discrimination, or of retaliation stemming from participation in an earlier lawsuit against an employer." *See, Thompson*, 2022 WL 17253464, at *9. Under this exception, plaintiffs may offer "relevant evidence from other lawsuits, not the pleadings from those lawsuits," to "show the existence of a hostile work environment or pattern of discriminatory conduct by the defendant." *See*, *Puglisi*, 2014 WL 12843521, at *3 (explaining that pleadings are inadmissible because "bare, unproven allegations of discrimination contained in [ ] complaints have no probative value").

Here, the exception does not apply. Plaintiff argues that the "pattern of discrimination" portion of the exception applies to her surviving discrimination claim against Suffolk County

7

because she "seeks to establish the existence of a pattern, practice, policy or custom that discriminated against persons of color and did so in a fashion that resulted in legal actions, which were ignored or disregarded by Defendants," but that argument fails. *See,* Pl.'s Opp. at 6-8. While Plaintiff must show the existence of a municipal "policy, custom, or practice" of discrimination in order to establish municipal liability under Section 1983, Plaintiff concedes there are four different theories of liability under which she can make such a showing, only one of which requires establishing a "pattern of discrimination." *See*, Pl.'s Opp. at 8 (citing *Brandon v. City of New York*, 705 F. Supp.2d 261, 276-77 (S.D.N.Y. 2010)). Thus, the mere fact that Plaintiff brings a Section 1983 discrimination claim against Suffolk County does not necessarily implicate the exception to the rule precluding evidence of other lawsuits. In fact, while the Court denied Defendants' summary judgment motion as to Plaintiff's Section 1983 claim against Suffolk County, it did so based on Plaintiff's theory that "[d]isputed material issues of fact remain as to whether Spota, an individual with policymaking authority for the County, took action that caused a deprivation of Plaintiff's constitutional rights," not based on her theory that a disputed issue of fact remained as to whether her and Thompson's terminations created a "pattern and practice of discrimination." *See,* SJ O&O at 30-31; Pl.'s Opp. at 6-7.

Moreover, "the question of whether evidence of discrimination experienced by non-party witnesses is admissible 'is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Boger v. New York State Office of Parks,* 2019 WL 6038545, at *5 (N.D.N.Y. Nov. 14, 2019) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)) (precluding testimony of alleged discrimination from nonparty coworkers "[b]ecause [the coworkers] were not similarly situated to [p]laintiff" and, thus, "their testimony ha[d] minimal probative value" and "would serve only to confuse the issues").

Here, Plaintiff has not "provided any reason to believe that the various discriminatory acts against her and [any of] her former colleagues were so similar as to possibly constitute a practice of discrimination." *See, Thompson*, 2022 WL 17253464, at *9 (finding same in precluding reference to other actions or claims of discrimination). In fact, as noted above, the only former colleague Plaintiff identifies for this purpose is Thompson and this Court already decided that Thompson is not similarly situated to Plaintiff and was terminated for very different reasons than Plaintiff. *See,* SJ O&O at 4, 25-26. As Defendants point out, this Court already precluded Thompson from testifying at trial on this ground. *See,* Defs.' Reply at 5; Jan. Tr. at 7:25-8:9 (precluding testimony from "witnesses numbered 10 through 14, 18 through 20, 22 through 24 and 27" because, among other things, Plaintiff failed to show they "were engaged in similar conduct"); First Proposed JPTO at 19 (identifying Thompson as Witness 12); Oct. Tr. at 17:13-16 (stating that notes indicate that the Court "already precluded" evidence and testimony of AveMaria Thompson). Thus, Defendants' motion to preclude evidence of Thompson's lawsuit is granted.

**IV.   Preclusion of Expert Testimony**

Defendants also seek to preclude "expert testimony concerning [Plaintiff's] alleged damages resulting from her employment at the DA's Office" because "no experts were identified during discovery" and the deadline to complete expert discovery expired in February 2018. Defs.' Br. at 8. However, Defendants have confirmed that they do not object to testimony from Plaintiff's "treating physicians identified in discovery" to the extent that it is "limited to the damages phase of trial" and is "based on their personal observations" alone and not on any specialized knowledge that falls within the realm of expert testimony. *Id.* at 8-9; Defs.' Reply at 7. Plaintiff responds that "[a]ny attempt [by Defendants] to create an issue by suggesting that [she] will not abide by the rules and the Court's order about expert disclosure is misplaced" because "[her] treating health care providers have been fully identified." and "will base their facts, opinions and conclusions on

9

their treatment of Plaintiff and her medical history[.]" Pl.'s Opp. at 9-10.  While it appears from the papers that the parties might not dispute the fact that Plaintiff may offer lay witness testimony from the treating physicians, both parties claim that the Opposing party's stance on this issue "is unclear." *Id.*; Defs.' Reply at 6-7.  For the following reasons, Plaintiff's treating physicians may testify as lay witnesses only as to their actions and observations in treating Plaintiff and may do so only during the damages phase of trial.[3]

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(a)(2)(A), a party must identify any witness it may call at trial to present expert testimony. *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2013 WL 4046263, at *3 (E.D.N.Y. Aug. 8, 2013).  If a witness was "retained or specially employed to provide expert testimony," the witness must provide a detailed report disclosing the information set forth under Fed. R. Civ. P. 26(a)(2)(B). *Olutosin*, 2019 WL 5616889, at *2.  If a witness was not specially employed for trial but is designated to provide expert testimony, the witness must comply with the less demanding disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C).  *Id.*  Moreover, as relevant here, a treating physician only must comply with expert disclosure requirements if he or she "is to opine on matters outside of his or her treatment." *Id*. at *5.  Otherwise, "[t]reating physicians may be treated as fact witnesses not required to [provide expert disclosures] prior to trial because…they are hired to treat the patient and may testify to and opine on what they saw and did" in their role as a treating physician based on their "personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources." *Puglisi,* 2013 WL 4046263, at *3 (internal citations and quotation marks omitted).  If testifying as a lay witness, a treating physician must limit his or

---

[3] Neither party identifies the treating physicians by name in the motion papers.  However, the Court understands the references to "treating physicians" throughout the briefing to include Angelique Mitra, PsyD and Raghu Mitra, M.D., as these are the two treating physicians Plaintiff identified on her witness list in the Amended Proposed JPTO and this ruling applies to them only.  Am. Proposed JPTO at 25.

10

her testimony to "facts acquired and opinions formed" in the course of treatment and through observations made "in his/her role as a treating physician." *Id.* at *6; *Olutosin*, 2019 WL 5616889, at *5-6.

As discussed at the Oct. PTC and confirmed by Defendants, Plaintiff has not designated any witnesses as experts. *See*, Am. Proposed JPTO at 25; Defs.' Br. at 8; Oct. Tr. at 8:5-16 ("[P]laintiff . . . has admitted that expert notices have not been given in this case, and so there's a limit to the kind of testimony that these [treating] physicians can give," as "expert witnesses who were not noticed [may] not…testify"). There is no dispute that Plaintiff disclosed her treating physicians in discovery. *See,* Pl.'s Opp. at 9; Defs.' Br. at 8. Thus, Plaintiff's treating physicians may testify as lay witnesses "[as] to facts acquired and opinions formed" based on "personal knowledge [acquired] from consultation, examination and treatment of [ ] Plaintiff, not from information acquired from outside sources." *See*, *e.g., Puglisi,* 2013 WL 4046263, at *6-7 (allowing treating physician to testify as lay witness and "offer opinion testimony on diagnosis, treatment, prognosis, and causation with respect to [plaintiff's] condition" and on damages "to the extent [the] opinion is based upon information" acquired through treatment).

However, troublingly, Plaintiff's opposition is silent as to the purpose for which she intends to offer the treating physicians' testimony, leaving the Court to rely on the lackluster explanation Plaintiff provided in the Amended Proposed JPTO that these two witnesses "possess[ ] knowledge and information regarding Plaintiff's health, and the [e]ffect [this] matter has had on [her] mental health, damages and the harm caused." Am. Proposed JPTO at 25. Accordingly, Defendants' request to limit the treating physicians' testimony to "the damages phase of trial" only is granted. Defs.' Br. at 8-9. As the Court explained during the Oct. PTC, it intends to "bifurcate the trial and have the trial of liability first and then the trial for damages" and evidence "relating to [Plaintiff's] claims of mental illness or other physical issues," such as evidence from the two treating physicians,

11

"may be relevant for damages purposes, but not for liability." Oct. Tr. at 7:11-22, 8:5-9, 12:7-17. Additionally, at that PTC, Plaintiff's counsel confirmed that evidence of Plaintiff's health is relevant to damages, not liability. *Id.* at 12:25-13:8-11.

Accordingly, Defendants' MIL to preclude expert testimony and limit the testimony of Plaintiff's treating physicians is granted. As such, Plaintiffs' treating physicians may testify as lay witnesses during the damages phase of trial only and the Court may modify this ruling as necessary prior to the damages phase of trial, to the extent that phase is reached.

## CONCLUSION

Having reviewed and considered the remaining arguments, the Court finds them unavailing. For the reasons set forth above, Defendants' motions *in limine* are granted in part and denied in part. The parties are directed to submit BY OCTOBER 27, 2023 an Amended Proposed JPTO consistent with this Court's Individual Rules that incorporates the rulings herein and all prior rulings made to date, including rulings made on the record at the January 12, 2022 and October 12, 2022 pretrial conferences.

SO ORDERED.

Dated: Brooklyn, New York
      September 25, 2023

/s/
DORA L. IRIZARRY
United States District Judge

12